MALCOMSON v. WAPPO MILLS et al.

(Circuit Court, D. South Carolina.   November 7, 1899.)

CREDITORS' SUIT—RIGHT TO COSTS.

Where a person is made party to a creditors' bill, filed to administer an insolvent estate, who has no interest in the estate, and can derive no benefit from its administration, and who promptly disclaims interest therein, he is entitled to his costs.

In Equity.

J. E. Burke and Drayton F. Hastie, for the motion.
Mitchell & Smith and Smythe, Lee & Frost, opposed.

SIMONTON, Circuit Judge.   This case now comes up on a taxation of costs.   This is a creditors' bill to settle the affairs of C. C. Pinckney, Jr., and to administer his insolvent estate.   Creditors claiming liens were made parties.   The estate has been administered.   Among others, E. R. Memminger and Allard Memminger, executors, were made parties defendants, it being alleged that they held a lien on a part of the property of C. C. Pinckney, Jr.   They came in and disclaimed all claim and interest whatsoever as executors.   The bill necessarily is dismissed as to them.   Their solicitor claims as fees a docket fee of $20, and for filing the answer and disclaimer $3.   Edward R. Memminger was also made a party defendant, alleged to be the holder of a lien on property of C. C. Pinckney, Jr.   He denied these allegations. His attorney now claims a similar docket fee for him and costs of his answer.   R. B. Cuthbert was also a defendant, claiming a lien.   He has established this claim, and has been paid.   He claims similar costs.   The costs in federal courts are governed entirely by the act of congress relating thereto, now section 824, Rev. St. U. S.   This is obligatory in all law cases.   Costs in equity are within the discretion of the court.   When allowed, they must conform to the statute. The docket fee is $20, and is allowed only after a final hearing in equity.   When a creditors' bill is filed to administer and settle an insolvent estate, the action is in the interest of all parties who hold claims or liens.   The purpose of the proceedings is to secure the rights of all creditors, all legal rights and equities being preserved. Every claimant is benefited, and each should bear the burden.   For this reason the universal practice of this court in such cases has been to allow no docket fee to any solicitor except the solicitor of the complainant.   Where, however, a person is made a party who has no interest whatever in the estate, and can derive no benefit from its administration, the case is different.   He stands on another footing. If he promptly disclaims in the record, he should get his costs.   The Memminger executors are in this plight.   They should get their docket fee under the statute, and the three dollars costs for their disclaimer under equity rule 25.   E. R. Memminger did have a claim on the estate, although not the lien which it was supposed that he had.   The administration has been a profit to him.   Mr. Cuthbert's lien and claim were established and secured in these proceedings. He comes within the general rule, as also does E. R. Memminger. Their docket fee and costs of answer cannot be allowed.